JS 44  (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Jessie Anderson
1318 West Hunting Park Avenue
Philadelphia, PA 19140

**(b)** County of Residence of First Listed Plaintiff    Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Graham F. Baird, Law Office of Eric A. Shore
2 Penn Center, 1500 JFK Blvd, Suite 1240, Philadelphia, PA 19102
Tel: 267-546-0131

## DEFENDANTS

Allbrite Property Maintenance, Inc.
286 Broad Street,
Red Bank, NJ 07701

County of Residence of First Listed Defendant    Monmouth
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1   U.S. Government
  Plaintiff
- ☐ 2   U.S. Government
  Defendant
- ☒ 3   Federal Question
  *(U.S. Government Not a Party)*
- ☐ 4   Diversity
  *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                    *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | New Drug Application | ☐ 470 Racketeer Influenced and |
| Student Loans | ☐ 340 Marine | Injury Product | | ☐ 840 Trademark | Corrupt Organizations |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | | | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☒ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | Act | ☐ 862 Black Lung (923) | Exchange |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | Relations | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | ☐ 362 Personal Injury - | Product Liability | ☐ 751 Family and Medical | | ☐ 895 Freedom of Information |
| | Medical Malpractice | | Leave Act | | Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement | ☐ 870 Taxes (U.S. Plaintiff | ☐ 899 Administrative Procedure |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | Income Security Act | or Defendant) | Act/Review or Appeal of |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | 26 USC 7609 | ☐ 950 Constitutionality of |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | | State Statutes |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| | Other | ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1   Original
  Proceeding
- ☐ 2   Removed from
  State Court
- ☐ 3   Remanded from
  Appellate Court
- ☐ 4   Reinstated or
  Reopened
- ☐ 5   Transferred from
  Another District
  *(specify)*
- ☐ 6   Multidistrict
  Litigation -
  Transfer
- ☐ 8   Multidistrict
  Litigation -
  Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
43 P.S. § 260 et seq.

Brief description of cause:
Violation of the Fair Labor Standards Act

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION**
UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
150,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE   10/9/19

SIGNATURE OF ATTORNEY OF RECORD   *[signature]*

## FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 1318 West Hunting Park Ave, Philadelphia PA 19140

Address of Defendant: 286 Broad Street, Red Bank, NJ 07701

Place of Accident, Incident or Transaction: 24 E. Glenolden Ave, Glenolden PA 19036

---

*RELATED CASE, IF ANY:*

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 10/9/19    _____ Attorney-at-Law / Pro Se Plaintiff    92692 Attorney I.D. # (if applicable)

---

CIVIL: (Place a √ in one category only)

A.  *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☐ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☑ 11. All other Federal Question Cases
   *(Please specify):* FLSA (EMPLOYMENT)

B.  *Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
   *(Please specify):* _____

---

ARBITRATION CERTIFICATION
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Graham F. Baird , counsel of record *or pro se plaintiff*, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: 10/9/19    _____ Attorney-at-Law / Pro Se Plaintiff    92692 Attorney I.D. # (if applicable)

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CASE MANAGEMENT TRACK DESIGNATION FORM

Jessie Anderson                     :          CIVIL ACTION
            v.                      :
Allbrite Property Maintenance, Inc.  :          NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)   In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.          ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.          ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)          ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.          (✓)

| 10/9/19 | Graham F. Baird | Jessie Anderson |
|---------|-----------------|-----------------|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 267-546-0131 | 215-944-6124 | grahamb@ericshore.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JESSIE ANDERSON, | : | |
| | : | |
| Plaintiff, | : | **JURY DEMANDED** |
| | : | |
| v. | : | Civil Action No._____ |
| | : | |
| ALLBRITE PROPERTY | : | |
| MAINTENANCE, INC | : | |
| | : | |
| Defendant. | : | |
| | : | |

## COMPLAINT

Plaintiff, Jessie Anderson, by and through his undersigned counsel, hereby files this Complaint against Defendant Allbrite Property Maintenance, Inc. and avers as follows:

## I. PARTIES AND JURISDICTION

1.    Plaintiff, JESSIE ANDERSON (hereinafter "Plaintiff" or "Anderson"), is an adult individual residing in Philadelphia, Pennsylvania.

2.    Defendant, ALLBRITE PROPERTY MAINTENANCE, INC.. (hereinafter "Defendant" or "Allbrite") is a New Jersey corporation with a corporate headquarters at 286 Broad Street, Red Bank, New Jersey.

3.    At all times relevant herein, Defendant was an "employer" of Plaintiff within the meaning of the Fair Labor Standards Act and the Pennsylvania Wage Payment and Collections Law.

1

4.      This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims herein arise under the laws of the United States, the FLSA. This Court has supplemental jurisdiction over related state law claims because they arise out of the same circumstances and are based upon a common nucleus of operative fact.

5.      This Court has jurisdiction over the Defendant as the Defendant employed Plaintiff at the Eaton Aerospace Building, 24 E. Glenolden Avenue, Glenolden, Pennsylvania.

6.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2) because Defendant conducts business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## II. FACTUAL ALLEGATIONS

7.      Defendant Allbrite  is a company providing commercial cleaning and janitorial services.

8.      Defendant is an employer covered by the record-keeping minimum wage, wage payment and overtime pay mandates of the Fair Labor Standards Act ("FLSA").

9.      At all times material hereto, Defendant hired Plaintiff to work as a janitor in a facility located in Glenolden, Pennsylvania.

10.      While working as a janitor for Defendant, Mr. Anderson routinely worked between eighty-one and ninety hours per two week pay period, thus making him eligible for overtime compensation for hours worked over forty hours per one week period.

11.      At all times relevant to this complaint, Plaintiff's base rate of pay was set by the Defendant at $14.00 per hour.

2

12.     While employed by Defendant, Plaintiff often worked more than forty (40) hours per week.

13.     Despite working more than forty (40) hours per week, the Plaintiff never received overtime pay at a rate of $21.00.

14.     Each and every hour that Plaintiff worked for Defendant was paid at the straight time rate of approximately $14.00 per hour.

15.     Plaintiff has made several complaints to Defendant that he should be compensated for his overtime hours, yet Defendant has refused to compensate the Plaintiff for the overtime hours.

16.     Throughout Plaintiff's employment with Defendant, Plaintiff was not an "exempt" employee as defined under the FLSA.

17.     On or about October 9, 2019, after again complaining that he was owed overtime wages, Defendant terminated Plaintiff's employment.

### III. CAUSES OF ACTION

#### COUNT I
**Violation of the Fair Labor Standards Act
(Failure to Pay Overtime Compensation)**

18.     Plaintiff incorporates by reference Paragraphs 1 through 17 as if fully set for herein.

19.     At all times relevant herein, Defendant was an "employer" within the meaning of the FLSA.

20.     At all times relevant herein, Defendant was responsible for paying wages to Plaintiff.

21.     At all times relevant herein, Plaintiff was an "employee" of Defendant within the meaning of the FLSA.

22.     Plaintiff was not an "exempt" employee for purposes of the overtime provisions of the FLSA.

23.     Defendant failed to pay Plaintiff for hours he worked greater than forty (40) per workweek.

24.     Under the FLSA, an employer must pay an employee who is not exempt from the overtime provisions of law at least one and one-half times his base rate for each hour worked more than forty (40) hours per workweek.

25.     Defendant's violations of the FLSA include not paying Plaintiff any overtime pay for overtime hours spent above the forty hours Plaintiff worked each week.

26.     Defendant's conduct in failing to pay Plaintiff was willful and not based upon any reasonable interpretation of the law.

27.     As a result of Defendant's unlawful conduct, Plaintiff has suffered damages as set forth herein.

## COUNT II
### VIOLATION OF THE WAGE PAYMENT AND COLLECTION LAW
### 43 P.S. § 260 et seq.

28.     Plaintiff incorporates the paragraphs set forth above as if fully set forth at length herein.

29.     As set forth above, Defendant has failed to pay Plaintiff's wages (as defined in 43 P.S. § 260.2a) despite Plaintiff's reasonable demand to do so.

4

30.     As a direct and proximate cause of Defendant's failure to pay wages, Plaintiff has suffered economic loss.

31.     Defendant's conduct in failing to pay Plaintiff properly was willful and was not based upon any reasonable interpretation of the law.

32.     As a result of Defendant's unlawful conduct, Plaintiff has suffered damages as set forth herein.

**COUNT III**
**FLSA--RETALIATION**
**(29 U.S.C.A. § 215(a)3)**
**(Plaintiff v. Defendant)**

33.     Plaintiff incorporates paragraphs 1-32 as if fully set forth at length herein.

34.     At set forth above, Plaintiff made a complaint about his wages, excessive hours and overtime, and as such, Plaintiff was engaged in protected activity under the Fair Labor Standards Act, 29 U.S.C.A. § 215(a)(3).

35.     Defendant took adverse action against Plaintiff by terminating his employment.

36.     As set forth above, Plaintiff's participation in protected activity was a motivating factor in Defendant's decision to terminate his employment.

37.     As such, Defendant's decision to terminate Plaintiff's employment is a retaliatory action prohibited by the Fair Labor Standards Act, 29 U.S.C.A. § 215(a)(3) Fair Labor Standards Act, 29 U.S.C.A. § 215(a)(3).

38.     As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff

also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

39.     As a result of the conduct of Defendant's owners/management, Plaintiff hereby demands punitive damages.

40.     Pursuant to the Fair Labor Standards Act, 29 U.S.C.A. § 210 et seq., Plaintiff demands attorneys fees and court costs.

## IV. RELIEF REQUESTED

**WHEREFORE,** Plaintiff Jessie Anderson demands judgment in his favor and against Defendant and that this Court enter an Order providing that:

A.     Defendant is to compensate, reimburse, and make Plaintiff whole for any and all pay and benefits he would have received had it not been for Defendant's illegal actions, including but not limited to past lost earnings and overtime earnings not paid.  Plaintiff should be afforded those benefits illegally withheld;

B.     Plaintiff is to be awarded liquidated damages as applicable under the Fair Labor Standards Act and Pennsylvania Wage Payment and Collection Law in an amount equal to the actual damages in this case.

C.     Plaintiff is to be awarded the costs and expenses of this action and reasonable attorneys' fees as provided by applicable federal and state law.

D.     Any other further relief this Court deems just proper and equitable.

Date: October 9, 2019

LAW OFFICES OF ERIC A. SHORE, P.C.

BY: _____

**GRAHAM F. BAIRD, ESQUIRE** (Pa. Id. No. 92692)
Two Penn Center, Suite 1240
1500 John F. K Boulevard
Philadelphia, PA 19110
Tel.: (267) 546-0131
Fax: (215) 944-6124
Email: grahamb@ericshore.com
*Attorney for Plaintiff, Jessie Anderson*

**VERIFICATION**

I, Jessie Anderson, verify that the statements made in the foregoing Civil Action Complaint are true and correct to the best of my knowledge, information and belief.

I understand that false statements herein made are subject to penalty of law, relating to unsworn falsification to authorities.

10/9/19

(Date Signed)

_Jessie Anderson_

Jessie Anderson